1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Raymundo Hernandez Gonzalez,        )    CV 06-1004-PHX-SMM
                                          )
10                Plaintiff,              )    **ORDER**
                                          )
11        v.                              )
                                          )
12   Attorney General et al,              )
                                          )
13                Defendants.             )
     _____     )

14

15        Currently pending before the Court is Defendants' Motion to Dismiss or in the

16   Alternative Motion to Remand (Doc. 13).  Plaintiff has not filed a Response to Defendants'

17   Motion.[1]  After careful consideration, the Court finds the following.

18   **Procedural Background**

19        This action arises out of Plaintiff's desire to compel adjudication of his application

20   for naturalization.  Plaintiff filed his application with the United States Citizenship and

21   Immigration Services (hereinafter referred to as "USCIS") on April 27, 2004, and the

22   Defendant, USCIS Phoenix District Office has yet to issue a decision.  Plaintiff attended his

23   first interview on the naturalization petition on November 5, 2004. Plaintiff was then

24   scheduled for a second interview on the naturalization petition for April 12, 2005.  Plaintiff

25   _____

26        [1]    Pursuant to LRCiv. 7.2(i), Plaintiff's failure to respond to Defendants'
     Motion to Dismiss may be deemed a consent to the granting of the motion and the Court
27   may dispose of the motion summarily.

28

contends that pursuant to 8 U.S.C. §1447(b), a decision shall be made on all naturalization cases within 120 days of the naturalization interview (Doc.1). A decision has yet to be issued regarding Plaintiff's application for naturalization.

**Discussion**

Defendants do not dispute that USCIS has not made a decision on Plaintiff's naturalization application.  However, they  assert that there exists a reasonable justification for such, that USCIS has not completed its consideration of Plaintiff's application for naturalization, and that the examination of Plaintiff is not complete.  Pursuant to the express language of 8 U.S.C. § 1446(b), USCIS is authorized to take witness testimony, request production of documents, and interview the applicant in regards to any matter affecting the applicant's eligibility for naturalization.  In addition, §1446(a) requires that prior to rendering a decision, USCIS conduct a personal investigation of the applicant.  Thus, USCIS contends that because it has yet to complete the examination of the Plaintiff, it has been unable to issue a decision on Plaintiff's application for naturalization.

Defendants further contend that because the examination has yet to be completed, this Court does not have jurisdiction over this case.  In the Complaint, Plaintiff alleges that jurisdiction is conferred upon the United States District Court pursuant to 8 U.S.C. § 1447(b) by virtue of USCIS's failure to issue a decision within 120 days of the date of Plaintiff's *interview* (Doc.1).  However, the statute actually provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the **examination** is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Thus, it is evident from the Complaint that the Plaintiff misinterprets the language of 8 U.S.C. § 1447(b).  Defendants aver and this Court agrees, that the key to triggering jurisdiction is the "examination," a term not specifically defined in the statute.

The use of the term "examination" in 8 U.S.C. § 1447(b) references 8 U.S.C. § 1446,

- 2 -

which gives more detail about what an "examination" entails. *See* 8 U.S.C. § 1447(a). The statute at 8 U.S.C. § 1446(b) discusses the meaning of "examination" as follows:

> The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization. For such purposes any such employee so designated is authorized to take testimony concerning any matter touching or in any way affecting the admissibility of any applicant for naturalization, to administer oaths, including the oath of the applicant for naturalization, and to require by subpoena the attendance and testimony of witnesses, including applicant, before such employee so designated and the production of relevant books, papers, and documents, and to that end may invoke the aid of any district court of the United States; and any such court may, in the event of neglect or refusal to respond to a subpoena issued by any such employee so designated or refusal to testify before such employee so designated issue an order requiring such person to appear before such employee so designated, produce relevant books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof.

Defendants point out that the term "examination" in 8 U.S.C. § 1447(b) is ambiguous, because the statute does not require that the examination be a discrete event.  USCIS defines examination as a *process* of examining the applicant and necessary background materials to determine whether the applicant has met the standards of naturalization.  In considering the language of 8 U.S.C. § 1447, the Court agrees with Defendants that an ambiguity exists as to the extent and process under which an "examination" may be conducted.[2]

Under *Chevron U.S.A. v. Natural Res. Def. Council, Inc.,* 476 U.S. 837 (1984), a court must defer to an agency's reasonable interpretation of an ambiguous statute that the agency is charged with enforcing.  Therefore, USCIS's reasonable interpretation of the statute regarding the examination process whereby it interprets the word "examination" to include more than simply the interview of the applicant, is entitled to deference by this Court.  The Court finds that USCIS has taken the reasonable view that the examination is a process which includes interviews, an investigation, the background check, testimony of witnesses, and production of documents.  See also *Danilov,* 370 F. Supp. 2d at 444 n. 6.  Consequently,

---

[2]   *Cf. Forbes v. Napolitano,* 236 F.3d 1009, 1011 (9th Cir. 2000) (finding that terms such as "investigation" and "routine examination" were inherently ambiguous in upholding vagueness challenge to Arizona abortion statute).

USCIS's initial interviews to address other requirements for naturalization eligibility, such as English language, American government, and history proficiency, 8 C.F.R. §§ 312.1-312.5, did not alone constitute an "examination" for purposes of 1447(b). Furthermore, USCIS's interpretation of "examination" is reasonable because the statute specifically authorizes USCIS to take additional measures as part of their naturalization decision-making process. *See* 8 U.S.C. §§ 1446(a) & (b).

USCIS has determined that it still needs to conduct another interview of Plaintiff, request additional documents, and possibly take the testimony of witnesses in order to conclude its examination of Plaintiff and make a naturalization decision. Therefore, pursuant to 8 U.S.C. § 1447(b), the 120-day period has not yet begun to run, and this Court does not have subject matter jurisdiction to hear Plaintiff's action.[3]

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Dismiss or in the Alternative Remand (Doc. 13).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this case accordingly.

DATED this 21st day of September, 2007.

Stephen M. McNamee
United States District Judge

---

[3] Even assuming this Court had subject matter jurisdiction, this Court, pursuant to 8 U.S.C. § 1447(b), would remand this case to USCIS to decide the matter accordingly.

- 4 -